```
                IN THE UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF ARKANSAS
                       FAYETTEVILLE DIVISION

BRYAN WILKINS, an individual,
REUBEN BARNES, an individual,
and ROBERT WILKINS and
MARY WILKINS, a married couple                    PLAINTIFFS

              v.         Civil No. 05-5118

TRIAL LAWYERS, INC., an informal
enterprise affecting interstate
commerce, KENNETH N. McKINNEY, an
individual predicate actor, and
McKINNEY & STRINGER, P.C., an
enterprise acting as prime house for
TRIAL LAWYERS, INC.                               DEFENDANTS
```

### ORDER

Now on this 25th day of January, 2006, comes on to be considered the following motions:

\* **Defendants Kenneth N. McKinney's and McKinney & Stringer, P.C.'s Motion to Dismiss for Lack of Personal Jurisdiction and Venue (Doc. 4);** and

\* **Plaintiffs' Motion for Temporary Stay of Proceedings (Doc. 6).**

Each party affected has responded to the motions and they are now ripe for determination. The Court, being well and sufficiently advised, finds and orders as follows with respect thereto.

1. The plaintiffs are four Arkansas residents engaged in the "poultry business." (Compl. at pgs 16-19.) They bring this action pro se against Kenneth McKinney (hereinafter "McKinney"),

an Oklahoma attorney; the law firm of McKinney & Stringer, P.C. (hereinafter "M&S"), an Oklahoma professional corporation; and "Trial Lawyers, Inc." (hereinafter "TLI"), which is characterized by plaintiffs as "an informal enterprise affecting interstate commerce." (Id. at pg. 1.)

2. Plaintiffs purport to bring the action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964. A review of the complaint discloses the following:

* The claims plaintiffs assert are related to a lawsuit filed in December 2001, in the United States District Court for the Northern District of Oklahoma. This suit was brought by Mckinney and M&S on behalf of the City of Tulsa, Oklahoma, and the Tulsa Metropolitan Utility Authority -- against six poultry producing companies and the City of Decatur, Arkansas -- alleging that the said poultry companies and Decatur were responsible for polluting the lakes which provided Tulsa's drinking water supply. Specifically, the suit alleged that poultry waste used as fertilizer was washing into the lakes from surface runoff.

* A settlement was reached in 2003, wherein the poultry producing companies agreed to undertake certain responsibilities regarding the farming activities and management and disposal of poultry waste generated by the contract growers who raised the chickens and turkeys owned by the poultry producing companies.

* The plaintiffs in this action are poultry growers for one of the poultry producing companies which agreed to the settlement.

* Neither the plaintiffs nor any of the other poultry growers said to be allied with them were parties to the Oklahoma lawsuit.

3. In their complaint, plaintiffs complain about the actions and representations of McKinney and M&S undertaken in the context of the Oklahoma lawsuit. Specifically, plaintiffs allege:

* that McKinney and M&S, "colluding" with other lawyers involved in the Oklahoma lawsuit (who were "all members of Trial Lawyers, Inc.), began a campaign of fraud and subterfuge with the intent and result of extorting money from the City of Tulsa, Tulsa Metropolitan Utility Authority, [the poultry producing companies] ..., and 'poultry defendants' such as [plaintiffs]." (Compl. at pg. 4.); and

* that on forty-three different dates, McKinney and M&S allegedly committed "predicate acts of fraud and extortion" by preparing, submitting, and mailing "false documents." These dates appear to coincide, for the most part, with the dates McKinney and M&S filed pleadings in the Oklahoma lawsuit.

McKinney and M&S now move to dismiss this action for lack of personal jurisdiction and venue.

4. In support of the motion for dismissal, McKinney and M&S submit the following affidavits:

(a)  McKinney submits his affidavit stating, *inter alia*:

* that he resides in Oklahoma and is licensed to practice law there;

* that he is not licensed to practice in Arkansas, does not regularly represent clients or engage in the practice of law in Arkansas, and does not regularly appear before Arkansas courts;

* that he does not own or lease any real property in Arkansas and has not engaged in any Arkansas business ventures;

* that he does not maintain any bank accounts in Arkansas and has no debts owed to him in Arkansas; and

* that he does not have a registered agent for service of process in Arkansas.  (Doc. 4 Ex. 2.)

(b) On behalf of M&S, Robert Roark, a director and shareholder of the firm -- and one of the attorneys involved in the Oklahoma lawsuit -- submits an affidavit stating, *inter alia*:

* that the firm is a professional corporation organized and existing under the laws of Oklahoma;

* that it has offices in Oklahoma City and Tulsa and no other states;

* that it is not registered to do business in Arkansas and does not regularly conduct business in Arkansas,

represent clients in Arkansas, or appear in Arkansas courts;

* that it does not own or lease property in Arkansas and has not engaged in any business ventures in Arkansas;

* that it maintains no bank accounts in Arkansas and has no debts owed to it in Arkansas; and

* that it does not have a registered service agent in Arkansas. (Doc. 4 Ex. 1.)

With regard to the separate defendant TLI, Roark's affidavit goes on to state, *inter alia*:

* that it is a fictitious, non-existent entity; and

* that "[T]he Manhattan Institute uses the euphemism 'Trial Lawyers, Inc.' when referring to the 'litigation industry' and the plaintiff's bar.... 'Trial Lawyers, Inc.' is not a person or legal entity, or even an unincorporated association, over which a court can exercise jurisdiction." (Doc. 4 Ex. 1 ¶ 8.)

Roark's affidavit also points out that no summons has been issued to TLI.

5. Plaintiffs do not counter the affidavits of McKinney and Roark but, rather, respond by arguing that TLI "operates covertly in similar if not exactly the same manner as the Mafia, the Cosa Nostra, and Murder Incorporated, which is to say, informally, but very, very real." Plaintiffs assert that Trial Lawyers, Inc. "operates in a systematic and continuous manner within the state

of Arkansas, [and] McKinney & Stringer operates inseparably from Trial Lawyers, Inc., in the state of Arkansas ...." (Doc. 5 at pg. 2.) Plaintiffs further assert that the "predicate acts" of McKinney and M&S "economically impacted" plaintiffs' "business and property interests" in Arkansas. (Id. at pg. 3.)

6. A RICO action can only be brought in a district court where personal jurisdiction is established as to at least one defendant. See PT United Can Co., Ltd. v. Crown Cork & Seal, Co., Inc., 138 F.3d 65, 71 (2d Cir. 1998). To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff "must state sufficient facts in the complaint to support a reasonable inference that [the] defendants can be subjected to jurisdiction within the state. Once jurisdiction ha[s] been controverted or denied, [the plaintiff] ha[s] the burden of proving such facts." Block Indus. v. DHJ Indus., Inc., 495 F.2d 256, 259 (8th Cir. 1974) (internal citation omitted). The plaintiff's "'prima facie showing' must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto." Id. at 260.

Because Arkansas' long-arm statute permits the assertion of jurisdiction to the fullest extent permissible under the Due Process Clause, see Davis v. St. Johns Health Sys., Inc., 71 S.W.3d 55, 58 (Ark. 2002), the Court's inquiry is limited to whether the exercise of personal jurisdiction comports with due

process.  See  Bell Paper Box, Inc. v. Trans Western Polymers, Inc., 53 F.3d 920, 921 (8th Cir. 1995).  Due process requires both minimum contacts with the forum state and accord with the notions of "fair play and substantial justice."  International Shoe Co. v. Washington, 326 U.S. 310, 320 (1945).  "[T]he constitutional touchstone remains whether the defendant purposely established minimum contacts in the forum state."  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985).  The defendant's contacts with the forum state must be more than "random," "fortuitous," or "attenuated."  Id. at 475.  The defendant must have purposefully availed itself of "the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws."  Hanson v. Denckla, 357 U.S. 235, 253 (1958).

7.  Plaintiffs do not dispute the factual averments in the affidavits submitted by McKinney and M&S, which clearly establish that they lack minimum contacts with the State of Arkansas. Instead, plaintiffs attempt to establish personal jurisdiction by alleging that the actions of McKinney and M&S undertaken in the Oklahoma litigation "economically impacted" plaintiffs' poultry-growing business in Arkansas.  The attempt must and does fail. Foreseeability of an impact within the forum state "alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause."  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 295 (1980); Bell Paper Box, 53 F.3d at 922.

8. As to the alleged separate defendant TLI, no such entity has been served with process herein and the knowledgeable assertion by a party before the Court that no such entity exists is unchallenged. The Court cannot exercise jurisdiction over a person or entity not properly summoned before it -- and obviously cannot exercise jurisdiction over a entity which does not exist.

9. In light of the foregoing, the Court concludes that it does not have personal jurisdiction over any of the defendants named in the case.

10. Accordingly, **Defendants Kenneth N. McKinney's and McKinney & Stringer, P.C.'s Motion to Dismiss for Lack of Personal Jurisdiction and Venue (Doc. 4)** should and will be granted.

11. In light of the Court's intended ruling on defendants' motion, Plaintiffs' **Motion for Temporary Stay of Proceedings (Doc. 6)** to allow them time to retain counsel is moot and will be denied as such.

**IT IS, THEREFORE, ORDERED** that **Defendants Kenneth N. McKinney's and McKinney & Stringer, P.C.'s Motion to Dismiss for Lack of Personal Jurisdiction and Venue (Doc. 4)** be, and it hereby is, **granted** and plaintiff's complaint is hereby ordered **dismissed.**

**IT IS FURTHER ORDERED** that **Plaintiffs' Motion for Temporary Stay of Proceedings (Doc. 6)** be, and it hereby is, **denied** as being moot.

<u>/S/JIMM LARRY HENDREN</u>
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE