```
               IN THE UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF ARKANSAS
                       FAYETTEVILLE DIVISION
```

BRYAN WILKINS, an individual,
REUBEN BARNES, an individual,
and ROBERT WILKINS and
MARY WILKINS, a married couple                    PLAINTIFFS

            v.          Civil No. 05-5118

TRIAL LAWYERS, INC., an informal
enterprise affecting interstate
commerce, KENNETH N. McKINNEY, an
individual predicate actor, and
McKINNEY & STRINGER, P.C., an
enterprise acting as prime house for
TRIAL LAWYERS, INC.                               DEFENDANTS

## ORDER

Now on this 22nd day of February, 2006, comes on to be considered plaintiffs' **Motion for Modification of Order of Dismissal (Doc. 10)**. The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

1. On January 25, 2005, the Court entered an order granting defendants' **Motion to Dismiss for Lack of Personal Jurisdiction and Venue**. (Docs. 4, 9.)

2. In the current motion, plaintiffs assert that the dismissal "should have been without prejudice allowing the pro se litigants [the] opportunity to amend the pleadings to cure defects in pleading." (Doc. 10 at pg. 1.)

3. Plaintiffs had the opportunity to contest the jurisdictional issue in their response to defendants' motion to dismiss. Plaintiffs could have moved to amend their complaint to

assert additional facts that would support the exercise of personal jurisdiction over defendants. However, plaintiffs did not do so and the Court suspects that there are no facts that would support personal jurisdiction. The Court will not reopen this case and allow plaintiffs to amend their complaint at this juncture.

4. Under Federal Rule of Civil Procedure 41(b), the dismissal for lack of personal jurisdiction was a dismissal without prejudice. However, should plaintiffs re-file this action, they will be collaterally estopped from relitigating the jurisdictional issue and their case will be dismissed, with attorney's fees and costs awarded to defendants, unless plaintiffs can establish that "critical jurisdictional facts have changed in the interim." Pohlmann v. Bil-Jax, Inc., 176 F.3d 1110, 1112 (8th Cir. 1999).

5. Based on the foregoing, plaintiffs' **Motion for Modification of Order of Dismissal (Doc. 10)** is **DENIED**.

**IT IS SO ORDERED.**

/S/JIMM LARRY HENDREN
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE